UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNA PICCIRILLI
fka MARIANNA RANDAZZO,

                Plaintiff,                No. 2:11-cv-10264-GER-MAR

vs.
                                          Hon. Gerald E. Rosen

WELLS FARGO BANK, N.A. and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee

                Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         March 30, 2012

PRESENT:    Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

## I. INTRODUCTION

This action to quiet title, and for fraudulent misrepresentation and various statutory violations is presently before the Court on Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff has responded to Defendants' Motion. Having reviewed and considered the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

II.  FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2004, Plaintiff entered into a mortgage agreement for $321,750 with Defendant Wells Fargo to finance the purchase of property located in Washington Township, Michigan.  The mortgage was modified on December 22, 2004, and assigned to Defendant U.S. Bank National Association, as Trustee ("U.S. Bank").  When Plaintiff became delinquent on the mortgage, foreclosure proceedings by advertisement were instituted. Defendant U.S. Bank thereafter purchased the property at a sheriff's sale on March 26, 2010.  The statutory redemption period expired on September 26, 2010.  U.S. Bank subsequently initiated eviction proceedings against Plaintiff.  Thereafter, on December 3, 2010, Plaintiff filed this case in the Macomb County Circuit Court.  Defendants timely removed the action to this Court on January 21, 2011.

In her eight-count complaint, Plaintiff makes various allegations concerning the mortgage loan origination.  In Count I, Plaintiff alleges that Defendants intentionally misrepresented: (1) that the amount of the payments under the loan would fully amortize the loan; (2) that the appraisal Defendants required Plaintiff to purchase established that the value of the property exceeded the amount of the loan; (3) that all terms and conditions contained in the underwriting materials and closing package had been fully disclosed as required by law; and (4) that the interest rate was five percent.  In Count II, Plaintiff contends that Defendants violated Michigan's Mortgage Brokers, Lenders and Servicer Licensing Act, M.C.L. § 445.1651, *et seq*. ").  In Count III, Plaintiff allegea that Defendants breached their contract by making essentially the same misrepresentations forming the basis of Count I of the Complaint.  In Count IV, Plaintiff asserts that Defendants violated the Federal Real Estate Settlement Procedures Act (RESPA) (15 U.S.C. § 2601, *et seq.*) and the Truth in Lending Act (TILA) (15 U.S.C. § 1601, *et*

*seq*.) by failing to provide required disclosures and imposing unlawful charges, fees, and costs. Plaintiff alleges a violation of the Home Ownership and Equity Protection Act (HOEPA) (15 U.S.C. § 1639) in Count V, and a violation of M.C.L. §600.3204, *et seq*. in Count VII. In Count VI, Plaintiff seeks to quiet title based on the alleged fraudulent misrepresentation and statutory violations contained in the various other Counts. Finally, Count VIII contains Plaintiff's plea for injunctive relief. As relief, Plaintiff seeks to void the foreclosure sale of the property and rescind the mortgage loan agreement.

### III. APPLICABLE STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would affect the outcome of the suit, as determined by the substantive law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A genuine issue exists where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To demonstrate that there is no genuine issue of material fact, the movant must use the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). However, the nonmoving party "may not rest upon [its] mere allegations. . . but. . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 814 (quoting Fed.R.Civ.P. 56(e)) (alteration omitted). "The mere existence of a scintilla of evidence in

support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. As the Supreme Court has explained, summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

Applying the foregoing standards, the Court concludes that Defendants' motion for summary judgment should be granted for the reasons set forth below.

## IV.  DISCUSSION

*A.     Plaintiff Has Failed To Establish A Claim For Fraudulent Misrepresentation.*

In Count I of her Complaint, Plaintiff alleges that Defendants intentionally misrepresented: (1) that the amount of the payments under the loan would fully amortize the loan; (2) that the appraisal Defendants required Plaintiff to purchase established that the value of the property exceeded the amount of the loan; (3) that all terms and conditions contained in the underwriting materials and closing package had been fully disclosed as required by law; and (4) that the interest rate was five percent. In order to establish a claim for fraud or misrepresentation under Michigan law, a plaintiff must satisfy the following requisite elements:

   (1) that the defendant made a material misrepresentation;

   (2) that it was false;

   (3) that when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;

   (4) that he made it with the intention that is should be acted upon by the plaintiff;

   (5) that the plaintiff acted in reliance upon the false misrepresentation; and

   (6) that the plaintiff thereby suffered injury.

4

*Aerospace America, Inc. v. Abatement Technologies, Inc.*, 738 F. Supp. 1061, 1068 (E.D. Mich. 1990) (citing *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976)).  The plaintiff must prove each of the above elements by clear, satisfactory, and convincing evidence.  *Id.; Youngs v. Tuttle Hill Corp.*, 373 Mich. 145, 147, 128 N.W.2d 472 (1964); *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976).  Further, all of the elements must be found to exist; the absence of any one of them is fatal to recovery.  *Hi-Way Motor Co.*, 398 Mich. at 336.

Michigan's requirements comport with the requisites of Fed. R. Civ. P. 9(b), which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Sixth Circuit has interpreted Rule 9(b) to require that a plaintiff allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal citation omitted).  "At a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied."  *Frank v. Dana Corp.*, 547 F.3d 564 (6th Cir. 2008) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir 1984)).

Here, Plaintiff has failed to plead her claim for fraudulent misrepresentation with "particularity," as required by Fed. R. Civ. P. 9(b).  Furthermore, Plaintiff's Complaint and accompanying exhibits are unsuccessful in demonstrating that Defendants made any material representations that were false.  Simply describing the elements of fraudulent misrepresentation and making unsubstantiated claims is insufficient.  Because Plaintiff has failed to demonstrate that the requisite elements of fraud or misrepresentation are present and has failed to plead her

claim with particularity, Plaintiff's claim for fraudulent misrepresentation in Count I of her Complaint fails.

B.   *Plaintiff's Claim Under The Mortgage Brokers, Lenders, And Servicer Licensing Act Is Not Applicable To Defendants.*

In Count II, Plaintiff alleges that Defendants violated the Mortgage Brokers, Lenders, And Servicer Licensing Act, M.C.L. § 445.1651, *et seq.* ("MBLSLA"). However, the MBLSLA states that it does not apply to a "depository financial intuition whether or not the depository financial institution is acting in the capacity of a trustee or fiduciary." M.C.L. § 445.1675. The MBLSLA defines "depository financial institution" as "a state or nationally chartered bank, a state or federally chartered savings and loan association, savings bank, or credit union, or an entity of the federally chartered farm credit system." M.C.L. § 445.1651a(f). Defendant Wells Fargo and Defendant U.S. Bank are both nationally charter banks; therefore, the MBLSLA does not apply to them, and Count II is accordingly dismissed.

C.   *Plaintiff Has Failed To Establish A Claim For Breach Of Contract.*

Count III of Plaintiff's Complaint is captioned "Breach of Contract." However, the allegations contained in Count III are reiterations of those contained in Count I; Plaintiff claims that Defendants breached the loan agreement by failing to disclose material facts, making false and misleading statements, overcharging, and causing Plaintiff to rely on an inflated appraisal value. "Under Michigan law, the essential elements of a breach of contract claim are: 1) the existence of a contract between the parties, 2) the terms of the contract, 3) that defendant breached the contract, and 4) that the breach caused the plaintiff injury." *Timmis v. Sulzer Intermedics, Inc.*, 157 F. Supp. 2d 775, 777 (E.D. Mich. 2001) (citing *Webster v. Edward D. Jones & Co., L.P.,* 197 F.3d 815, 819 (6th Cir. 1999)).

Here, Plaintiff has failed to demonstrate that Defendants breached the loan agreement. Plaintiff has not identified any specific contract provisions or terms that Defendant breached, and she has not demonstrated how any of the payments or fees have differed from the terms of the agreement that she signed. Instead, Plaintiff's breach of contract claim rests on the same exact allegations contained in her unsuccessful fraudulent misrepresentation claim in Count I. Because Plaintiff has failed to establish that Defendants have breached the loan agreement, Plaintiff's claim for breach of contract under Count III of her Complaint must be dismissed.

*D.*     *Plaintiff's TILA, HOEPA, And RESPA Claims Are Time-Barred.*

In Counts IV and V, Plaintiff claims that Defendants violated the Federal Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Home Ownership and Equity Protection Act (HOEPA). Claims for damages under RESPA, TILA, and HOEPA are subject to the statute of limitations contained in 15 U.S.C. § 1640 and 12 U.S.C. § 2614.

    1.     <u>The TILA And HOEPA Claims Are Barred By A One-Year Statute Of Limitations And A Three-Year Statute Of Repose.</u>

15 U.S.C. § 1640 states that "[a]ny action under this section may be brought…within one year from the date of the occurrence of the violation." This one-year statute of limitations applies to both TILA and HOEPA claims. *See Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009); *see also Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 845 (N.D. Ohio 2010) (stating that "[s]ince HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies."). Here, Plaintiff's claim for damages is based on Defendants' alleged unlawful conduct around the closing of the mortgage. Plaintiff entered into a mortgage agreement on

March 4, 2004, and modified the agreement on December 22, 2004; however, Plaintiff did not file this claim until December 3, 2010, i.e., more than five years after the statute of limitations had expired.

The statute of limitations on TILA and HOEPA claims is subject to equitable tolling in suits between private parties where fraudulent concealment is present. *See Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003), *aff'd*, 172 Fed. App'x 652 (6th Cir. 2006); *Jones v. TransOhio Savs. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984). To establish fraudulent concealment, a plaintiff must show that "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Mills*, 294 F. Supp. 2d at 908 (quoting *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992)).

Here, Plaintiff has not even alleged that Defendants took affirmative steps to conceal her cause of action; Plaintiff only asserts that she was not provided with required disclosures. This alone cannot support equitable tolling. *See In re Community Bank of Northern Virginia*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006) (stating that "the fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling."). Furthermore, Plaintiff has failed to demonstrate that despite her exercise of due diligence, she could not have discovered the cause of action. Therefore, Plaintiff's TILA and HOEPA claims are time-barred by the statute of limitations.

In addition to the statute of limitations, TILA and HOEPA claims are subject to a three-year statute of repose. Statutes of repose limit the time in which a plaintiff may bring an action, regardless of whether the injury has occurred or been discovered yet. 15 U.S.C. § 1635(f) provides that "[a]n obligator's right of rescission shall expire three years after the date of

consummation of the transaction…notwithstanding the fact that the…disclosures required under this part have been delivered to the obligator." Thus, even if the required disclosure forms were not given to Plaintiff, under 15 U.S.C. § 1635(f), Plaintiff was required to bring her action within three years of the loan closing. Both the original mortgage loan and the subsequent modification took place in 2004; Plaintiff did not file this suit until December 3, 2010, well beyond the three-year period of repose. Tolling principles to not apply to statutes of repose, as their purpose is "clearly to serve as a cutoff." *Lampf v. Gilbertson*, 501 U.S. 350, 363-64 (1991).

Therefore, Plaintiff's claims under TILA and HOEPA are barred by the statute of limitations and state of repose set forth in 15 U.S.C. § § 1635 and 1640.

2.  <u>The RESPA Claims Are Barred By A Three-Year Statute Of Limitations</u>.

Plaintiff's claims under RESPA are barred by the applicable statute of limitations. In her Complaint, Plaintiff does not specify which sections of RESPA Defendants have violated. Plaintiff only alleges that Defendants failed provide her with the disclosures required under the statute. Therefore, Plaintiff's claim falls within the scope of § 2605. Under RESPA, any claim that is brought under § 2605 must be brought within three years of the occurrence of the violation. 12 U.S.C. § 2614. Courts have held that the statute of limitations begins to run on the date of the closing of the mortgage loan. *See e.g., Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359-60 (5th Cir. 2003); *Vatomanyuk v. Quality Loan Service Corp. of Wash.*, 699 F. Supp. 2d 1242, 1244 (W.D. Wash. 2010); *Palmer v. Homecomings Financial LLC*, 677 F. Supp. 2d 233, 237 (D.D.C. 2010); *Kamara v. Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 265 (E.D. Pa. 2009); *Poskin v. TD Banknorth*, 687 F. Supp. 2d 530, 550-53 (W.D. Pa. 2009). Thus, Plaintiff had three years from the closing of her mortgage loan in 2004 to bring her claim under RESPA, and she failed to do so. Therefore, her claims under RESPA are time-barred.

9

However, equitable tolling may apply to extend this limitation period. Although the Sixth Circuit has yet to determine whether equitable tolling applies to RESPA claims, it has noted that many district courts have done so. *See Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 n.10 (6th Cir. 2009) (listing cases that have held that RESPA's statute of limitations is subject to equitable tolling).[1] The majority of the district courts that addressed the issue have held that equitable tolling applies to RESPA claims under the one- and three-year statute of limitations contained in 12 U.S.C. § 2614. *See e.g., Minter v. Wells Fargo Bank*, N.A., 675 F. Supp. 2d 591, 594-95 (D. Md. 2009); *Blaylock v. First American Title Ins. Co.*, 504 F. Supp. 2d 1091, 1107 (W.D. Wash. 2007); *Mullinax v. Radian Guaranty, Inc.*, 199 F. Supp. 2d 311, 328 (M.D.N.C. 2002); *Pedraza v. United Guaranty Corp.*, 114 F. Supp. 2d 1347, 1353 (N.D. Ga. 2000); *Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 793-96 (D. Md. 1998); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284, 1286-89 (S.D.N.Y. 1988). Moreover, the Sixth Circuit has applied equitable tolling to TILA. *See Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984). Thus, for purposes of Defendants' motion, the Court will assume that equitable tolling applies to RESPA, as well.

The Sixth Circuit considers five factors when determining whether to toll a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). In addition, in order to establish equitable tolling by the doctrine of fraudulent concealment, Plaintiff must allege and

---

[1] The Sixth Circuit did not reach the question of whether equitable tolling applies to RESPA, stating that "[b]ecause plaintiffs cannot prevail on their tolling argument even assuming that the RESPA statute of limitations were subject to equitable tolling, it is not necessary to decide that question in this case."). *Egerer*, 556 F.3d at 424 n.18.

establish that: (1) Defendants concealed the conduct that constitutes the cause of action; (2) Defendants' concealment prevented Plaintiff from discovering the cause of action within the limitations period; and (3) until discovery, Plaintiffs exercised due diligence in trying to find out about the cause of action. *Egerer*, 556 F.3d at 422. Because Plaintiff failed to allege any facts that would show that she is entitled to equitable tolling under either framework, Plaintiff's RESPA claims are time-barred.

E.  *Plaintiff Cannot Obtain The Relief Sought In Counts VI, VII, or VIII.*

Plaintiff cannot obtain the relief she seeks pursuant to her claims under Counts VI, VII, and VIII. In Count VI, Plaintiff seeks to quiet title based on the fraudulent misrepresentation and statutory violations alleged in the various other Counts. In Count VII Plaintiff also claims that Defendants violated M.C.L. §600.3204, *et seq*. by failing to provide required foreclosure notices. Finally, Count VIII contains Plaintiff's plea for injunctive relief. Plaintiff seeks to void the foreclosure sale of the property and rescind the loan; however, because Plaintiff's interest in the property was extinguished before she filed this case, Plaintiff lacks standing to bring the claims alleged under Counts VI, VII, and VIII of her Complaint.

It is a well-established principle that once the redemption period following foreclosure of a property has expired, the former owner's rights in and title to the property are extinguished, and the former owner loses standing to assert claims with respect to the property. In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 185, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." Michigan courts and federal court applying Michigan law have applied this standard to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Stein v. U.S.*

*Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010) (dismissing the plaintiff's claims for violation of the foreclosure statute, to quiet title, and for promissory estoppels because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec. 15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings).

Furthermore, Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784 (1969); *see also Sweet Air Investment, Inc. v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.") (quoting *United States v. Garno,* 974 F. Supp. 628, 633 (E.D. Mich. 1997)).

Here, the foreclosure sale occurred on March 26, 2010; thus, the six-month redemption period under M.C.L. 600.3240 expired on September 26, 2010. Plaintiff did not file this action until December 3, 2010 -- after the redemption period had expired. Plaintiff has not plead any facts to allege that she timely attempted to redeem the property. Therefore, unless Plaintiff can make a clear showing of fraud or irregularity, Plaintiff is not allowed an equitable extension of the period to redeem her property and Plaintiff lacks standing to challenge the foreclosure. Simply alleging that the foreclosure notices failed to comply with the requirements of the foreclosure by advertisement statute, which is all that Plaintiff has alleged, is insufficient.

Even if Plaintiff could clearly show that the foreclosure notices were defective, Plaintiff will still be unable to set aside the sheriff's deed. A "defect in notice renders a foreclosure sale voidable and not void." *Jackson Investment Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756, 413 N.W.2d 99 (1987). According to the court, this holding (1) gives security "to the title for real property" and (2) "allows for an examination of whether any harm was caused by the defect." *Id.* The sale should not be automatically nullified without considering the harm suffered by the mortgagor or the interests of intervening third parties. *Id.* This is especially true in a case where "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." *Id. See also Sweet Air Investment, Inc. v. Kenney*, 275 Mich. App. 492, 503, 739 N.W.2d 656 (2007) (holding that a defect in the foreclosure notice is "insufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice."). In *Sweet Air Investment*, the defendants waited until the plaintiff instituted eviction proceedings against them to challenge the foreclosure sale. *Id.* The plaintiffs made no effort to timely challenge the validity of the foreclosure sale to redeem the property within the redemption period; thus, on these facts, no prejudice was shown. *Id.*

Here, Plaintiff cannot show that she was prejudiced from any alleged defect in notice. Plaintiff, like the defendants in *Sweet Air Investment*, waited until after the redemption period expired to challenge the validity of the foreclosure sale. Plaintiff has not pled any facts, nor has she offered any evidence, to show that a defect in notice prevented her from making a bid at the sale. Plaintiff has not demonstrated that she possessed the funds to outbid the highest bidder, let alone pay the entire unpaid balance owing on the loan. Plaintiff has failed to show that she attempted to redeem the property during the redemption period or that she was prejudiced in any

13

other way. Therefore, because Plaintiff cannot show that she was prejudiced and that the sheriff's deed should be set aside, summary judgment will be granted in favor of Defendants on Counts IV, VII, and VIII.

## V. CONCLUSION

For all the reasons set forth above in this Opinion, the Court concludes that Plaintiff has failed to state any claim upon which relief may be granted, and Defendants are entitled to summary judgment as a matter of law. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment be, and hereby is, GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint be, and hereby is, DISMISSED, in its entirety, WITH PREJUDICE.

Let Judgment be entered accordingly.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137